# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | Criminal No. – JFM-10-0552 |
| v. | * | Civil No. – JFM-15-907 |
| | * | |
| JENERETTE CHARLES DIXON | * | |

******

## MEMORANDUM

Jenerette Charles Dixon has filed this action under 28 U.S.C. §2255. Dixon was convicted of bank robbery, and his conviction was affirmed on appeal. The government has responded to Dixon's motion. The motion will be denied.

First, Dixon claims that his trial counsel was ineffective. Specifically, he alleges that Jeffrey Risberg rendered ineffective assistance of counsel for his failure to consult with Dixon regarding a request made by Risberg to continue the preliminary hearing. Risberg's request was not ineffective in any way. Moreover, it did not affect Dixon's ultimate conviction.

Second, Dixon complains that Gerald Ruter was ineffective because of his failure to challenge certain DNA evidence. Dixon had terminated Gerald Ruter as his trial counsel, and Ruter was serving only as stand-by counsel. Therefore, Dixon has no cognizable claim of ineffective assistance against Ruter. In any event, there was no basis whatsoever for the challenge to the DNA testimony that was presented.

Third, Dixon challenges the decision made by the United States Court of Appeals for the Fourth Circuit to appoint Ruter to represent him on appeal. It is not within the province of this court to review the decisions of the Fourth Circuit. In any event, the decision appears to be entirely reasonable. Ruter is an excellent attorney, and he was familiar with the issues in the

1

case by virtue of the fact that he had represented Dixon prior to trial and served as stand-by counsel during the trial.

Fourth, Dixon alleges that the trial court violated his constitutional rights by not permitting him to introduce a report written by an FBI agent concerning an interview with a witness, Charles Purcell. The trial judge (Judge Legg, who is now retired from the bench) permitted Purcell to be cross-examined on the basis of the statement. However, he did not permit Dixon to introduce the exhibit because it was not authored by Purcell.

Fifth, Dixon next claims that the trial court erred in not holding a hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975). The record establishes that although formally a *Faretta* hearing may not have been held, Judge Legg covered all the issues that *Faretta* would have required him to do.

Dixon's remaining claims are equally without merit. As stated above, there was no basis for changing the DNA testimony that was presented. Likewise, there was no violation of the attorney/client privilege. Dixon's wife was a co-defendant, and she testified against Dixon. Nothing in the record suggests that she violated any confidential communication between them.

A separate order denying Dixon's motion is being entered herewith.

Date: 11/12/15

J. Frederick Motz
United States District Judge

BY _____ DEPUTY
CLERK'S OFFICE
AT BALTIMORE
2015 NOV 12 PH 3:40
U.S. DISTRICT ...
DISTRICT ...
FILED