IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

JENERETTE DIXON,
*Defendant*.

Civil No. ELH-21-793
Criminal No. ELH-10-0552

**MEMORANDUM OPINION**

On May 5, 2011, a jury in the District of Maryland convicted Jenerette Dixon, defendant, of one count of conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371 and 18 U.S.C. § 2113(a),(d); one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a),(d),(f); and one count of using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). *See* ECF 6 ("Superseding Indictment"); ECF 91. Through appointed counsel, Dixon filed a "Motion to Vacate Conviction Under 28 U.S.C. § 2255." ECF 207 ("Motion"). However, counsel has since withdrawn from the case (ECF 222; ECF 223), and defendant is now self-represented. The government opposes the Motion. ECF 226 ("Opposition").

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion.[1]

### I.    Background

Defendant was initially indicted on June 8, 2010. ECF 1. Then, on September 22, 2010, the grand jury returned a three-count Superseding Indictment (ECF 6), charging Dixon and two others with conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371 and 18 U.S.C. §

---

[1] The case was originally assigned to Judge Benson Legg. It was later reassigned to Judge J. Frederick Motz, due to the retirement of Judge Legg. And, in October 2017, the case was reassigned to me. *See* Docket.

2113(a),(d) (Count One); armed bank robbery, in violation of 18 U.S.C. § 2113(a),(d),(f) (Count Two); and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A).

The case was assigned to Judge Benson Everett Legg. *See* Docket. On July 21, 2010, the Court appointed Assistant Federal Public Defender Jeffrey Risberg to represent Dixon. *See* ECF 3 at 14, 17–20. However, on September 21, 2010, at defendant's request, Mr. Risberg withdrew as counsel. ECF 4; ECF 5. Thereafter, Gerald Ruter, Esq., was appointed to represent defendant. ECF 4. On March 29, 2011, at defendant's request, Judge Legg terminated Mr. Ruter's representation of defendant. ECF 49.

Dixon proceeded to a jury trial that began on May 2, 2011. ECF 78. He represented himself at trial. *See* ECF 51; ECF 75. However, Mr. Ruter acted as standby counsel. ECF 49. As noted, on May 5, 2011, the jury convicted Dixon on all counts charged in the Superseding Indictment. ECF 91.

On October 25, 2011, Judge Legg sentenced Dixon to a total term of imprisonment of 240 months. ECF 135. In particular, Judge Legg sentenced defendant to 60 months of imprisonment as to Count One, a concurrent term of 156 months of imprisonment as to Count Two, and a term of 84 months' imprisonment as to Count Three, consecutive to the sentences as to Count One and Count Two. *Id.*

Defendant noted an appeal. ECF 132; ECF 137. On appeal, counsel for defendant submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he opined that "there are no non-frivolous issues to raise in this appeal." *United States v. Dixon*, No. 11-5043, Dkt. No. 27 at 15. However, by Order of June 5, 2012, the Fourth Circuit directed the parties to

submit "briefs addressing whether Dixon's rights under the Speedy Trial Act . . . were violated." *Id.*, Dkt. No. 36. The parties submitted these briefs. *See id.*, Dkt. No. 44; Dkt. No. 65.

On October 18, 2013, in a lengthy per curiam opinion, the Fourth Circuit affirmed the Judgment. ECF 157; *see United States v. Dixon*, 542 F. App'x 273 (4th Cir. 2013). The Court concluded that Dixon's statutory and constitutional speedy trial rights were not violated. *See Dixon*, 542 F. App'x 273. The Mandate issued on November 25, 2013. ECF 160. The Supreme Court denied certiorari on March 25, 2014. *United States v. Dixon*, No. 11-5043, Dkt. No. 97.

The case was reassigned to Judge J. Frederick Motz on March 30, 2015. Also on that day, defendant filed a "Motion Pursuant to 28 U.S.C. Section 2255." ECF 169 ("First Motion"). He sought relief based, *inter alia*, on ineffective assistance of counsel. *Id.* The government opposed the First Motion. ECF 177. By Memorandum Opinion and Order of November 12, 2015, Judge Motz denied the First Motion. ECF 178; ECF 179. Judge Motz wrote, ECF 178 at 1:

> Dixon complains that Gerald Ruter was ineffective because of his failure to challenge certain DNA evidence. Dixon had terminated Gerald Ruter as his trial counsel, and Ruter was serving only as stand-by counsel. Therefore, Dixon has no cognizable claim of ineffective assistance against Ruter. In any event, there was no basis whatsoever for the challenge to the DNA testimony that was presented.

On March 28, 2016, in light of *Johnson v. United States*, 576 U.S. 591 (2015), the Court appointed the Office of the Federal Public Defender to represent Dixon in proceedings under 28 U.S.C. § 2255. ECF 183 at 2. However, on May 26, 2016, the Fourth Circuit denied defendant's application for authorization to file a successive petition under 28 U.S.C. § 2255. ECF 184.

The case was reassigned to me on October 24, 2017. *See* Docket. Then, on March 29, 2021, the Fourth Circuit authorized Dixon to file a second or successive petition under 28 U.S.C. § 2255. ECF 206. The Court explained, *id.*:

> [Dixon] seeks to challenge his 18 U.S.C. § 924(c) conviction in light of *United States v. Davis*, [588 U.S. ___ ,] 139 S. Ct. 2319 (2019). . . . Dixon has made a

prima facie showing of possible merit that the new substantive rule of constitutional law announced in *Davis* and held to be retroactively to cases on collateral review by the Supreme Court, may apply to his case.

Through counsel, Dixon filed the instant Motion. ECF 207. In the Motion, Dixon asserts that his conviction under 18 U.S.C. § 924(c)(1)(A) must be vacated because "it is impossible to know whether the jury predicated § 924(c) guilt on conspiracy to commit bank robbery"—which, after *Davis*, 139 S. Ct. 2319, cannot serve as a predicate to a § 924(c) conviction—or, instead, "bank robbery," which remains a valid predicate. *Id.* at 9–10.

As noted, defense counsel later moved to withdraw his appearance on Dixon's behalf. ECF 222 ("Motion to Withdraw"). Counsel explained, *id.* at 1–2:

> Undersigned counsel asked the Court to appoint the Federal Public Defender to represent Petitioner in a 28 U.S.C. § 2255 proceeding so that he could challenge the constitutionality of his conviction under 18 U.S.C. § 924(c) in light of *Johnson v. United States,* 576 U.S. 591 (2015) and *United States v. Davis,* __U.S.__, 139 S. Ct. 2319 (2019). Thereafter, this Court appointed the Federal Public Defender, who then filed a § 2255 petition asserting that Petitioner's § 924(c) conviction was unconstitutional under *Johnson* and *Davis.*
>
> Since then, the Fourth Circuit decided *United States v. Said,* 26 F.4th 653 (4th Cir. 2022) and *United States v. Ali*, 991 F.3d 561 (4th Cir. 2021). In these cases, the jury was instructed that it could find § 924(c) guilt based on a valid underlying predicate offense (for example, federal bank robbery, that remains a "crime of violence"[]) *or* an invalid underlying predicate offense (for example, conspiracy, that no longer qualifies as a "crime of violence"). In other words, the record was ambiguous as to whether the § 924(c) conviction was based on a valid predicate offense. But the Fourth Circuit found that the error was harmless because there was overwhelming evidence in the trial record establishing that the defendant possessed or used a firearm in connection with a valid predicate offense. In light of these decisions, the Federal Public Defender sent Petitioner correspondence asking if he wanted to voluntarily withdraw his § 2255 petition. Counsel has not heard back from Petitioner.
>
> Therefore, undersigned counsel now respectfully requests that this Court withdraw the Office of the Federal Public Defender as counsel.

The Court granted the Motion to Withdraw. ECF 223. The government's Opposition to the Motion followed. *See* ECF 226.

4

## II.   Legal Standard

Section 2255(a) of Title 28 of the United States Code provides relief to a prisoner in federal custody only on specific grounds: "(1) 'that the sentence was imposed in violation of the Constitution or laws of the United States,' (2) 'that the court was without jurisdiction to impose such a sentence,' (3) 'that the sentence was in excess of the maximum authorized by law,' and (4) that the sentence 'is otherwise subject to collateral attack.'" *See Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255); *see United States v. Hodge*, 902 F.3d 420, 426 (4th Cir. 2018); *United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015); *United States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010).

Under § 2255, the petitioner must establish (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law so fundamental as to render the entire proceeding invalid. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). But, "an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).   In order to prevail on a § 2255 motion, a defendant bears the burden of proving his grounds for collateral relief by a preponderance of the evidence.  *See Jacobs v. United States*, 350 F.2d 571, 574 (4th Cir. 1965).

The scope of collateral attack under § 2255 is narrower than on appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 488, 519 (2016) (Alito, J., concurring) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). A failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion, unless the petitioner can demonstrate "cause and actual prejudice resulting from the errors of which he complains," or "actual innocence." *Pettiford*, 612 F.3d at 280 (citing *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)); *see Bousley v. United States*, 523 U.S. 614,

621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.") (internal quotations and citations omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *see also Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Reed v. Farley*, 512 U.S. 339, 354 (1994) (stating that "the writ is available only if the petitioner establishes 'cause' for the waiver and shows 'actual prejudice resulting from the alleged violation.'"); *Finch v. McKoy*, 914 F.3d 292, 298 (4th Cir. 2019) (discussing requirements for a claim of actual innocence); *United States v. Linder*, 552 F.3d 391, 397 (4th Cir. 2009).

Generally, the rule governing procedural default of claims brought under § 2255 precludes consideration of any contentions that "'could have been but were not pursued on direct appeal, [unless] the movant . . . show[s] cause and actual prejudice resulting from the errors of which he complains.'" *Pettiford*, 612 F.3d at 280 (quoting *Mikalajunas*, 186 F.3d at 492-93). Under the "cause and prejudice" standard, the petitioner must show: (1) cause for not raising the claim of error on direct appeal; and (2) actual prejudice from the alleged error. *Bousley*, 523 U.S. at 622; *see Dretke*, 541 U.S. at 393; *Massaro v. United States*, 538 U.S. 500, 505 (2003); *see also Reed*, 512 U.S. at 354 (stating that "the writ is available only if the petitioner establishes 'cause' for the waiver and shows 'actual prejudice resulting from the alleged violation.'"); *Murray*, 477 U.S. at 496; *Frady*, 456 U.S. at 167-68.

In order to show cause for not raising the claim of error on direct appeal, a petitioner must prove that "some objective factor external to the defense such as the novelty of the claim or a denial of effective assistance of counsel" impeded their counsel's efforts to raise the issue earlier. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *see Carrier*, 477 U.S. at 492 ("[C]ause . . . requires a showing of some external impediment preventing counsel from constructing or raising the claim."); *Mikalajunas*, 186 F.3d at 493 (movant must demonstrate "something external to the

defense, such as the novelty of the claim or a denial of effective assistance of counsel"). Additionally, the alleged error cannot simply create a possibility of prejudice, but must be proven to work to the petitioner's "*actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170 (emphasis in original). Pursuant to the Supreme Court's ruling in *Carrier*, 477 U.S. at 494, prejudice does not support relief of a procedural default in the absence of a showing of cause. *See also Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982).

The actual innocence exception "only applies in limited circumstances." *United States v. Jones*, 758 F.3d 579, 583 (4th Cir. 2014). Indeed, it must be "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent . . . ." *Carrier*, 477 U.S. at 496.

In order to show "actual innocence," the petitioner "must demonstrate actual factual innocence of the offense of conviction, *i.e.*, that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." *Mikalajunas*, 186 F.3d at 494 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)); *see also Bousley*, 523 U.S. at 623. Notably, the petitioner must meet this burden by clear and convincing evidence. *Mikalajunas*, 186 F.3d at 494. In other words, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Jones*, 758 F.3d at 583; *see Bousley*, 523 U.S. at 623.

As the Fourth Circuit has said, "[a] valid actual innocence claim 'requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.'" *Finch*, 914 F.3d at 298 (quoting *Schlup v. Delo*, 513 U.S. 298,

324 (1995)).  Moreover, a petitioner must "'demonstrate that the totality of the evidence would prevent any reasonable juror from finding him guilty beyond a reasonable doubt, such that his incarceration is a miscarriage of justice.'"  *Finch*, 914 F.3d at 298 (quoting *Teleguz v. Pearson*, 689 F.3d 322, 329 (4th Cir. 2012)).  It is an "exacting standard," based on a "'holistic judgment about all the evidence'. . . ."  *Finch*, 914 F.3d at 299 (quoting *House v. Bell*, 547 U.S. 518, 539 (2006)).

Failure to raise on direct appeal a claim of ineffective assistance of counsel is not regarded as procedurally defaulted. *Massaro v. United States*, 538 U.S. 500, 509 (2003); *see United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Indeed, such claims ordinarily are not litigated on direct appeal.  Claims of ineffective assistance are cognizable on direct appeal "only where the record conclusively establishes ineffective assistance." *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).  Rather, such claims are usually litigated in a § 2255 action to allow for development of the record. *Massaro*, 538 U.S. at 504-06; *United States v. Ladson*, 793 F. App'x 202 (4th Cir. Feb. 12, 2020) (per curiam).

A self-represented litigant is generally "held to a 'less stringent standard' than is a lawyer, and the Court must liberally construe his claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607, 2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *Quintero v. Garland*, 998 F.3d 612, 634 (4th Cir. 2021) (same); *Bala v. Commonwealth of Virginia Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013) (per curiam) (same).  However, defendant's Motion was filed by counsel.

Pursuant to 28 U.S.C. § 2255(b), the court must hold an evidentiary hearing "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief . . . ." *United States v. Mayhew*, 995 F.3d 171, 176 (4th Cir. 2021); *see United States v. LeMaster*, 403 F.3d 216, 220-23 (4th Cir. 2005); *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). Ordinarily, a district court has discretion as to whether to hold a hearing, but "a hearing is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record, or when a credibility determination is necessary to resolve the claim . . . ." *Mayhew*, 995 F.3d at 176-77. If the district court "denies relief without an evidentiary hearing," the appellate court will "construe the facts in the movant's favor." *United States v. Akande*, 956 F.3d 257, 261 (4th Cir. 2020); *see also United States v. Turner*, 841 F. App'x 557, 559 (4th Cir. 2021) (same).

### III.    Discussion

As noted, Dixon was convicted of three offenses: conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371 and 18 U.S.C. § 2113(a),(d); armed bank robbery, in violation of 18 U.S.C. § 2113(a),(d),(f); and use of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c).  ECF 6; ECF 91; ECF 135.  Count Three of the Superseding Indictment charged, ECF 6 at 4 (emphasis added):

> On or about March 11, 2021, in the District of Maryland, [defendant] . . . did knowingly (1) possess and brandish a firearm, in furtherance of, and (2) use and carry and brandish a firearm, during and in relation to, a crime of violence for which he may be prosecuted in a court of the United States, that is, Conspiracy to Commit Armed Bank Robbery *and* Armed Bank Robbery, as alleged in Counts One and Two respectively of this Superseding Indictment.

Thus, the plain text of the Superseding Indictment makes clear that the § 924(c) offense was predicated on two offenses, one of which was armed bank robbery.

Section 924(c) of Title 18 of the United States Code "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in

furtherance of,' any federal 'crime of violence or drug trafficking crime.'" *Davis*, 139 S. Ct. at 2324 (quoting 18 U.S.C. § 924(c)(1)(A)). The statute defines a "crime of violence" as a felony that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. 924(c)(3)(A)–(B). Subsection (A) is "known as the elements clause" and subsection (B) is known as "the residual clause." *Davis*, 139 S. Ct. at 2324.

In *Davis*, 139 S. Ct. 2319, the Supreme Court held that the residual clause codified at 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. *Id.* at 2336. Therefore, "[a]fter *Davis*, an offense qualifies as a crime of violence only if it meets the definition in § 924(c)'s elements clause." *United States v. Green*, 67 F.4th 657, 662 (4th Cir. 2023). In deciding whether an offense meets the definition in the elements clause, courts "apply a 'categorical approach.'" *United States v. Taylor*, 596 U.S. 845, 850 (2022). Under the categorical approach, "[t]he only relevant question is whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *Id.*

In *Taylor*, 596 U.S. 845, the Supreme Court held that attempted Hobbs Act robbery does not qualify as a crime of violence under § 924(c) because it "does not satisfy the elements clause." *Id.* at 851. The Fourth Circuit "has reached the same conclusion for conspiracy to commit Hobbs Act robbery." *Green*, 67 F.4th at 662 (citing *United States v. Simms*, 914 F.3d 229, 233–34 (4th Cir. 2019) (en banc)).

In his Motion, Dixon argues "that conspiracy to commit bank robbery is not a § 924(c) 'crime of violence.'" ECF 207 at 5. But, Dixon acknowledges that "Count Three of the indictment

alleged both bank robbery and conspiracy to commit bank robbery . . . as the 'crime of violence' under § 924(c)." *Id.* at 9. Nevertheless, Dixon points out that the "jury found guilt on Count Three without specifying whether bank robbery or conspiracy to commit bank robbery necessarily served as the basis for the § 924(c) conviction. *Id.* (citing ECF 90); *see* ECF 91. "Therefore," he asserts, "it is impossible to know whether the jury predicated § 924(c) guilt on conspiracy to commit bank robbery or bank robbery." *Id.*

According to defendant, it follows that "this Court must assume that [his] § 924(c) conviction was predicated on the least serious of the two offenses" charged, "which is conspiracy to commit bank robbery." *Id.* at 9–10 (citing *United States v. Vann*, 660 F.3d 771, 774 (4th Cir. 2011) (en banc); *United States v. Chapman*, 666 F.3d 220, 227 (4th Cir. 2012) (en banc)). Defendant concludes: "Because conspiracy to commit bank robbery categorically fails to qualify as a § 924(c) 'crime of violence,' Count Three is void." *Id.* at 10.

In its Opposition, the government argues that Dixon's "*Davis*-like" claim is procedurally defaulted because he did not present it during his trial or on direct appeal. ECF 226 at 5. The "government acknowledges that the Fourth Circuit has generally found sufficient 'cause'" to excuse such a default "in the relative novelty of the claim that was ultimately deemed successful in *Davis*." *Id.* (citing *Green*, 367 F.4th at 668; *United States v. McKinney*, 60 F.4th 188 (4th Cir. 2023)). Nonetheless, the government asserts that "there can be no doubt that Dixon's claim fails under the 'prejudice' prong." ECF 226 at 5–6.

In particular, the government states that "armed bank robbery" in Count Two of the Superseding Indictment, for which Dixon was convicted at trial, "is a crime of violence for 924(c) purposes under the force clause." *Id.* at 6 (citing *United States v. Caldwell*, 7 F.4th 191, 212–13 (4th Cir. 2021); *United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016)). And, according to

the government, the fact that "Dixon's conviction was also predicated on the bank robbery conspiracy charge in Count One . . . is of no moment because a [§] 924(c) conviction must be upheld even if one predicate is valid and another is not." ECF 226 at 6 (citing *Said,* 26 F.4th 653; *United States v. Draven*, 77 F.4th 307, 319–20 (4th Cir. 2023)). The government concludes that, "because one of his predicates remains a crime of violence, Dixon's [§] 924(c) conviction is still valid and hence his challenge necessarily fails." ECF 226 at 6.

As an initial matter, I agree that Dixon's claim for relief under *Davis*, 139 S. Ct. 2319, is procedurally defaulted. Defendant did not argue before the trial court that conspiracy to commit bank robbery could not serve as a predicate to a conviction under § 924(c). *See* Docket. Nor did he present such a claim on appeal. *See United States v. Dixon*, No. 11-5043, Dkt. No. 27; Dkt. No. 44. In any event, defendant does not assert in his Motion that he presented a *Davis*-type claim to the trial court or on appeal. *See* ECF 207. Therefore, I shall treat Dixon's claim for relief under *Davis* as procedurally defaulted.

As indicated, "[t]o raise a defaulted claim on collateral review," a defendant "must show 'cause' for the default and 'prejudice' resulting from it, or he must demonstrate that he is 'actually innocent.'" *Green*, 67 F.4th at 666 (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)). "As relevant here, cause exists when the defaulted claim was 'so novel that its legal basis [was] not reasonably available to counsel'" at trial or on direct appeal. *Green*, 67 F.4th at 666 (quoting *Bousley*, 523 U.S. at 622) (alternation in *Green*).

In *McKinney*, 60 F.4th 188, the petitioner, McKinney, pleaded guilty in 2012 to "conspiracy to commit Hobbs Act robbery and a violation of 18 U.S.C. § 924(c) for discharging a firearm during and in relation to that conspiracy." *Id.* at 190. In a motion brought under 18 U.S.C. § 2255, McKinney argued that his § 924(c) conviction must be vacated because, after the Supreme

Court's decision in *Davis*, 139 S. Ct. 2319, conspiracy to commit Hobbs Act robbery could not

serve as a predicate to a violation of § 924(c). *Id.* at 191. The Fourth Circuit determined that

McKinney's claim for relief under *Davis* was procedurally defaulted. *Id.* at 193. Nonetheless, the

Court concluded that there was cause to excuse the default, because McKinney's *Davis* claim was

not reasonably available at the time he pleaded guilty and was sentenced. *Id.* at 195. The Court

explained, *id*:

> In sum, when *McKinney* pled guilty in 2012 and was sentenced in 2013, the
> Supreme Court had implicitly approved § 924(c)'s residual clause. Only several
> years later, in 2015, did the Court in *Johnson* [*v. United States*, 576 U.S. 591
> (2015)] cause a sea change in the law, disapproving its prior precedent upholding
> similar residual clauses against void-for-vagueness challenges. And it was not until
> 2019 that *Davis* dealt the final blow to § 924(c)'s residual clause. McKinney's case
> falls squarely within [the] "novelty" framework, and so he has shown cause for his
> procedural default.

As noted, on March 25, 2014, the Supreme Court denied certiorari with regard to Dixon's

direct appeal. *United States v. Dixon*, No. 11-5043, Dkt. No. 97. This means that, at the time

Dixon's judgment of conviction became final, there was "no reasonable basis upon which an

attorney could have urged . . . a court to adopt the position ultimately endorsed by the Supreme

Court in *Johnson*," 576 U.S. 591, or *Davis*, 139 S. Ct. 2319. Therefore, I conclude that there is

cause to excuse Dixon's defaulted claim.

However, Dixon cannot show that his failure to present a *Davis*-type claim at trial or on

direct appeal caused prejudice. Dixon was convicted of armed bank robbery, in violation of 18

U.S.C. § 2113(a),(d),(f). *See* ECF 6; ECF 91; ECF 135. And, the Fourth Circuit "has held that

bank robbery under either § 2113(a) or (d) is a crime of violence under § 924(c)(3)'s force clause."

*United States v. Caldwell*, 7 F.4th 191, 212 (4th Cir. 2021) (citing *United States v. McNeal*, 818

F.3d 141, 157 (4th Cir. 2016)). Therefore, even if Dixon's conviction for conspiracy to commit

13

armed robbery can no longer serve as a predicate to a § 924(c) offense, Dixon's conviction for armed bank robbery remains a valid predicate.

To be sure, the jury's verdict form does not specify whether the predicate for Dixon's conviction under § 924(c) was his conviction for conspiracy to commit bank robbery or the commission of armed bank robbery, or both. *See* ECF 91. Dixon asserts that, in the face of such uncertainty, the Court must assume that the jury rested its § 924(c) conviction on the offense of conspiracy to commit bank robbery, which is not a crime of violence. ECF 207 at 9. However, since the time that defendant filed his Motion, the Fourth Circuit has decided several cases that indicate otherwise.

In *Said*, 26 F.4th 653, the defendant "was charged with, and the jury found him guilty of, both valid and invalid predicates." *Id.* at 659. And, "the verdict form did not specify which predicate or predicates the jury relied upon in finding" the defendant guilty of two § 924(c) offenses. *Id.* The question for the Fourth Circuit was whether the defendant was "entitled to habeas relief because the jury *may* have relied *solely* on one or more of the invalid predicates in rendering guilty verdicts" on the § 924(c) charges. *Id.* (emphasis in original). The Court "conclude[d] that the answer is no." *Id.*

The Court characterized the possibility that the jury may have relied on an invalid predicate as an "instructional error": namely, a failure by the district court to instruct the jury that certain charged offenses could not serve as predicates to a § 924(c) conviction. *Id.* at 660. The Court then observed that, "[o]n federal habeas review of an instructional error, we apply the 'harmless-error standard . . . articulated in *Brecht v. Abrahamson*, [507 U.S. 619 (1993)],'" according to which "an 'error is harmless if it did not have a substantial and injurious effect or influence in determining

the jury's verdict.'" *Said*, 26 F.4th at 660 (quoting *United States v. Smith*, 723 F.3d 510, 512 (4th Cir. 2013)) (addition citation and internal quotation marks omitted).

According to the Court, "mere uncertainty as to which . . . [predicate or predicates] the jury [relied on] when it found [the defendant] guilty of the § 924(c) counts does not suffice to demonstrate . . . the sort of substantial and injurious error required for habeas relief." *Said*, 26 F.4th at 661 (citations and internal quotation marks omitted) (alteration in *Said*). "Instead," said the Court, "the defendant 'must show not only that he *could* have been convicted under the erroneous . . . instruction, but also that he *was not* convicted under the' proper instruction." *Id.* at 661 (quoting *United States v. Robinson*, 627 F.3d 941, 955 (4th Cir. 2010) (emphasis in *Robinson*).

The *Said* Court concluded, 26 F.4th at 662, that the defendant could not demonstrate substantial and injurious error. The Court acknowledged that "the record does not indicate which predicates the jury relied on." *Id.* But, it emphasized, "that sort of ambiguity is not enough." *Id.*

In *Draven*, 77 F.4th 307, the petitioner, Draven, was convicted of conspiracy to commit murder for hire resulting in death, in violation of 18 U.S.C. § 1985(a); aiding and abetting carjacking resulting in death, in violation of 18 U.S.C. § 2119 and 18 U.S.C. § 2; and aiding and abetting murder with a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(j) and 18 U.S.C. § 2. *Id.* at 309. "The first two offenses served as the predicate offenses for Draven's third conviction" under § 924(j). *Id.* In § 2255 proceedings, Draven argued that, under *Davis*, 139 S. Ct. 2319, and *Taylor*, 596 U.S. 845, "his predicate offenses no longer qualif[ied] as crimes of violence under 18 U.S.C. § 924(c)(3)." *Id.* at 309–310.

The Fourth Circuit disagreed and affirmed the district court's denial of Draven's § 2255 motion. *Id.* at 320. It "conclude[d] that because aiding and abetting carjacking resulting in death remains a valid predicate offense under § 924(c)(3)(A), Draven's § 924(j) conviction must stand."

*Id.* at 310.  According to the Court, "[t]hat predicate, alone, is sufficient to support [the petitioner's] § 924(j) conviction," even if conspiracy to commit murder for hire resulting in death were not a valid predicate.  *Id.*

The Court acknowledged that "Draven dispute[d] this because the jury's general verdict form did not specifically indicate whether either—or both—of his convictions served as the predicate offense for his § 924(j) conviction."  *Id.* at 318–19.  But, the Court reiterated that, "for the purposes of demonstrating prejudice, 'mere uncertainty as to which . . . predicate or predicates the jury relied on' is not enough" to warrant relief.  *Id.* at 319 (quoting *Said*, 26 F.4th at 661).

*Said* and *Draven* control the outcome of this Motion.  It is true that the record does not make certain "whether either—or both—of [Dixon's] convictions" for armed bank robbery and conspiracy to commit bank robbery "served as the predicate offense" or predicate offenses for his § 924(c) conviction.  *Draven*, 77 F.4th at 318–19.  But, even assuming that conspiracy to commit bank robbery is not a crime of violence, armed bank robbery remains a valid § 924(c) predicate. *Caldwell*, 7 F.4th 212 (citing *McNeal*, 818 F.3d at 157).  And, the ambiguity alleged here is "not enough" to warrant habeas relief.  *Said,* 26 F.4th at 662.

There is nothing in the record that "'show[s] not only that [Dixon] *could* have been convicted'" based on the invalid predicate, "'but also that he *was not* convicted'" based on the valid predicate.  *Id.* at 661 (quoting *Robinson*, 627 F.3d at 955) (emphasis in *Robinson*).  Therefore, the Court sees no basis for disturbing Dixon's conviction for using a firearm in relation to a crime of violence, in violation of § 924(c).

## IV.  Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability ("COA") when it enters a final order

adverse to the applicant.  A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  In other words, unless a COA is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).[2]

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, 137 S. Ct. at 773. Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

Dixon has not made a substantial showing of the denial of his constitutional rights. Therefore, I decline to issue a COA.

### V.    Conclusion

For the foregoing reasons, I shall deny defendant's Motion (ECF 207).  An Order follows, consistent with this Memorandum Opinion.

Date:  February 2, 2024

_____/s/_____
Ellen Lipton Hollander
United States District Judge

---

[2] The denial of a COA by the district court does not preclude Dixon from seeking a COA from the Fourth Circuit.

17